CASE 15.—PROCEEDINGS BY THE COMMONWEALTH AND
        OTHERS AGAINST J. M. CHAUDET AND OTHERS
        TO ASSESS OMITTED PROPERTY FOR TAXATION.
        —March 15.

# Commonwealth, &c., v. Chaudet, &c.

Appeal from Livingston Circuit Court.

J. F. GORDON, Circuit Judge.

From the judgment plaintiffs appeal.  Affirmed.

1. Taxation—Omitted Property—Listing for Assessment—Suf-
   ficiency of Petition.—In proceedings · to list for taxation
   omitted property, a petition alleging that defendants had listed
   the land for taxation at from 500 to 600 acres, and that there
   were in the tract 637 acres according to the calculation of the
   county surveyor, and 660 4-10 acres according to the calcula-
   tion of the revenue agent prosecuting the action, and which
   "the said agent claims to be correct," was not a sufficient
   allegation that there was any more land in the tract than
   had been listed.
2. Appeal—Sufficiency of Record—Exhibits.—Where, in proceed-
   ings to list for taxation omitted property, a number of exhibits
   which were filed with the petition and to which reference
   was therein made were not copied in the record on appeal,
   it would be assumed that the exhibits warranted a judgment
   sustaining a demurrer to the petition.
3. Same—Presumptions.—Under Court of Appeals rule 27 (75
   S. W., 6), providing that the court will conclusively presume
   that the record brought up on schedule filed in the clerk's ·
   office of the inferior court, etc., is the complete record, and
   that all parties interested have consented to try the appeal
   on such record, where, in proceedings to list for taxation
   omitted property, it was claimed that Acts 1906, pp. 227, 228,
   c. 22, art. 17, relating to costs against revenue agents, did
   not apply to proceedings under the former statute, although
   tried after the new act took affect, the record on appeal failed
   to show when the proceeding was instituted, it would be pre-

sumed that the circuit court ruled properly in allowing defendant's costs.

GEO. W. LANDRUM for appellant.

C. C. GRASSHAM for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

George W. Landram, as revenue agent, instituted this proceeding in the Livingston county court to have assessed to appellees certain land named by him as omitted property. The county court held that the defendants had assessed and paid taxes on all or substantially all of their land. From this judgment an appeal was taken by the revenue agent to the Livingston circuit court. In that court a general demurrer was sustained to the statement, and, the revenue agent failing to plead further, the proceeding was dismissed. From this judgment, the appeal before us is prosecuted.

It is averred in the statement in substance that the defendants had listed the tract of land for taxation for the years named at from 500 to 600 acres, and it was averred that there were in the tract "637 acres according to the calculation of P. R. Vick, county surveyor of Livingston county, and 660 4-10 acres according to the calculation of G. W. Landram, the revenue agent who is prose xting the action for the commonwealth of Kentucky against the defendants herein, and which he, said ag nt, claims to be correct." This is not a sufficient alleg tion that there was any more land in the tract than had been listed. It is not an allegation that there were 637 acres or that there were 660 4-10 acres, for it is not alleged that either of

the calculations was correct. A fact must be positively alleged. It is not sufficient to plead evidence of the fact.

Aside from this, there are a number of exhibits filed with the petition to which reference is made therein and none of these are copied in the record. The record is not a complete transcript. The clerk only certifies that he copied certain papers, naming them. An exhibit cannot make a bad petition good, but an exhibit contradicting the allegations of the petition with which it is filed may make it bad on demurrer. In the absence of the exhibits, we must conclude that they warrant the judgment of the circuit court in sustaining a demurrer to the petition.

It is also complained that the court gave judgment in favor of the defendants against the revenue agent for their costs. In doing this the court followed the provisions of the act of 1906. See Acts 1906, pp. 227-228, c. 22, art. 17. It is insisted that this provision of the act of 1906 does not apply to proceedings instituted under the former statute, although tried after the new act took effect. But the record before us fails to show when this proceeding was instituted, and, in the absence of a complete record, we must presume that the circuit court ruled properly. Rule 27 (75 S. W., 6), of this court is in these words: "Hereafter this court will conclusively presume, after submission, that records brought up to this court on schedule filed in the clerk's office of the inferior court, as prescribed by section 737 of the Code of Practice, is the complete record, and that all parties interested have consented to try the appeal on such record. Before submission the court will, in its discretion, allow a transcript of other parts of the record

to be filed when deemed necessary in furtherance of justice.''

But no schedule was filed in the clerk's office of the circuit court. We have before us a partial record made up without a schedule.

Judgment affirmed.